MICHAEL R. LOZEAU (State Bar No. 142893)
DOUGLAS J. CHERMAK (State Bar No. 233382)
Lozeau Drury LLP
1516 Oak Street, Suite 216
Alameda, CA 94501
Tel: (510) 749-9102
Fax: (510) 749-9103 (fax)
E-mail: Michael@lozeaudrury.com
          Doug@lozeaudrury.com

ANDREW L. PACKARD (State Bar No. 168690)
MICHAEL P. LYNES (State Bar No. 230462)
Law Offices of Andrew L. Packard
319 Pleasant Street
Petaluma, CA 94952
Tel: (707) 763-7227
Fax: (415) 763-9227
E-mail: andrew@packardlawoffices.com

Attorneys for Plaintiffs
CALIFORNIA SPORTFISHING PROTECTION ALLIANCE and
STRAWBERRY CANYON STEWARDSHIP GROUP

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE, a non-profit corporation; STRAWBERRY CANYON STEWARDSHIP GROUP, an unincorporated association,<br><br>            Plaintiffs,<br><br>      vs.<br><br>STEVEN CHU, in his official capacity as Director, Lawrence Berkeley National Laboratory; LAWRENCE BERKELEY NATIONAL LABORATORY, a federal agency,<br><br>            Defendants. | Case No. 3:08-cv-01963-VRW<br><br>**PLAINTIFFS' CASE MANAGEMENT STATEMENT**<br><br>Conference: August 14, 2008<br>Time: 3:30 pm<br>Courtroom: 6 |

Plaintiffs California Sportfishing Protection Alliance and Strawberry Canyon Stewardship Group (collectively "CSPA") submits the following Case Management Statement:

**1.     Jurisdiction and Service**

The Court has subject matter jurisdiction over the parties and the subject matter of this action

pursuant to Section 505(a)(1)(A) of the federal Clean Water Act (the "Act"), 33 U.S.C. § 1365(a)(1)(A) and 28 U.S.C. § 1331 (an action arising under the laws of the United States). Plaintiffs have not yet served defendants Steven Chu and Lawrence Berkeley National Laboratory in order to facilitate the parties' ongoing settlement negotiations. The deadline for service is August 12, 2008.

## 2.    Facts

On or about January 7, 2008, CSPA provided Defendants a notice of Defendants' violation of the Act, alleging that Defendants violated the terms of the General National Pollutant Discharge Elimination System ("NPDES") Permit for Storm Water Discharges from Industrial Activity issued by the California State Water Resources Control Board ("SWRCB") at Defendants' national laboratory facility located in Berkeley, California. In that notice CSPA, indicated its intention to file suit against Defendants, and contemporaneously provided such notice to the Administrator of the United States Environmental Protection Agency ("EPA"), the Administrator of EPA Region IX, the Executive Director of the State Water Resources Control Board ("State Board"), and to the Executive Office of the Regional Water Quality Control Board, San Francisco Bay Region ("Regional Board").

After sixty days had passed since notice was served on the Defendants and the state and federal agencies, CSPA filed its complaint alleging that Defendants' Berkeley facility discharges storm water into waters of the United States without applying certain requisite pollution control technologies and which exceed certain water quality standards and benchmark levels established by the EPA. CSPA also claims that Defendants failed to perform certain requirements of the NPDES General Permit relating to the adequacy of its storm water pollution prevention plan and monitoring. Based upon these allegations, CSPA seeks injunctive relief.

## 3.    Legal Issues

Because CSPA has not yet served Defendants, it is not yet clear what, if any, legal issues may arise. The points of law in this action concern the federal Clean Water Act. Section 301(a) of the Act, 33 U.S.C. § 1311(a), prohibits the discharge of any pollutant into waters of the United

States, unless such discharge is in compliance with various enumerated sections of the Act. Among other things, Section 301(a) prohibits discharges not authorized by, or in violation of, the terms of an NPDES permit issued pursuant to Section 402 of the Act, 33 U.S.C. § 1342. Section 402(p) of the Act establishes a framework for regulating municipal and industrial storm water discharges under the NPDES program. 33 U.S.C. § 1342(p). States with approved NPDES permit programs are authorized by Section 402(p) to regulate industrial storm water discharges through individual permits issued to dischargers or through the issuance of a single, statewide general permit applicable to all industrial storm water dischargers. 33 U.S.C. § 1342(p).

Pursuant to Section 402 of the Act, 33 U.S.C. § 1342, the Administrator of the U.S. EPA has authorized California's State Board to issue NPDES permits including general NPDES permits in California. The State Board elected to issue a statewide general permit for industrial storm water discharges. The State Board issued the General Permit on or about November 19, 1991, modified the General Permit on or about September 17, 1992, and reissued the General Permit on or about April 17, 1997, pursuant to Section 402(p) of the Clean Water Act, 33 U.S.C. § 1342(p). In order to discharge storm water lawfully in California, industrial dischargers must comply with the terms of the General Permit or have obtained and complied with an individual NPDES permit. 33 U.S.C. § 1311(a). CSPA claims that Defendants have not complied with the terms of this permit.

**4.     Motions**

Plaintiffs have not filed any motions and do not anticipate filing any at this time.

**5.     Amendment of Pleadings**

Defendants have not yet been served with the Complaint and the parties are presently engaged in settlement negotiations. At this time, CSPA does not intend to amend the Complaint.

**6.     Evidence Preservation**

No steps have been taken to preserve evidence relevant to the issues reasonably evident in this action.

**7.     Disclosures**

As Defendants have not been served, no initial disclosures have been made.

**8.     Discovery**

No discovery has been taken in this action. Because plaintiffs believe that a settlement of the matter is imminent, they would request that the Court defer setting discovery deadlines until October 23, 2008, in order for the parties to focus their resources on completing a settlement.

**9.     Class Action**

This action is not a class action.

**10.    Related Cases**

There are no related cases or proceedings to this action.

**11.    Relief**

CSPA seeks the following relief:

a.  Declare Defendants to have violated and to be in violation of the Act as alleged herein;

b.  Enjoin Defendants from discharging polluted storm water from the Facility unless authorized by the Permit;

c.  Enjoin Defendants from further violating the substantive and procedural requirements of the Permit;

d.  Order Defendants to immediately implement storm water pollution control and treatment technologies and measures that are equivalent to BAT or BCT and prevent pollutants in the Facility's storm water from contributing to violations of any water quality standards;

e.  Order Defendants to comply with the Permit's monitoring and reporting requirements, including ordering supplemental monitoring to compensate for past monitoring violations;

f.  Order Defendants to prepare a SWPPP consistent with the Permit's requirements and implement procedures to regularly review and update the SWPPP;

g.  Order Defendants to provide Plaintiffs with reports documenting the quality and quantity of their discharges to waters of the United States and their efforts to comply with the Act and the Court's orders;

    h. Order Defendants to take appropriate actions to restore the quality of waters impaired or adversely affected by their activities; and

    i. Award Plaintiffs' costs (including reasonable investigative, attorney, witness, compliance oversight, and consultant fees) as authorized by the Act, 33 U.S.C. § 1365(d).

**12. Settlement and ADR**

The parties are involved in settlement negotiations and are close to reaching an agreement. No ADR efforts have been made to date, and there is no specific ADR plan for the case.

**13. Consent to Magistrate Judge For All Purposes**

CSPA will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

**14. Other References**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues**

There are no issues that can be narrowed by agreement or by motion at the present time. CSPA has no suggestions to expedite the presentation of evidence at trial, and has no request to bifurcate issues, claims, or defenses.

**16. Expedited Schedule**

This is not the type of case that can be handled on an expedited basis with streamlined procedures.

**17. Scheduling**

Because CSPA has not yet served Defendant, as agreed to by the parties, in order to facilitate completion of the ongoing settlement negotiation, the parties have not yet discussed a discovery and trial schedule for the litigation. Given the strong likelihood of settlement, CSPA, with the agreement of Defendants, requests that the Court defer setting a schedule for the case and schedule a second case management conference for October 23, 2008, by which date the parties either will have perfected a settlement or had an opportunity to meet and confer and file a joint case management

Case 3:08-cv-01963-VRW   Document 7   Filed 08/04/2008   Page 6 of 6

statement proposing a detailed schedule.

**18.    Trial**

This case will be tried to the court and the expected length of the trial is four days.

**19.    Disclosure of Non-party Interested Entities of Persons**

Plaintiffs filed their "Certification of Interested Entities or Persons" on August 4, 2008.

**20.    Additional Matters**

CSPA requests that the court reschedule the date of the Case Management Conference to late October 2008, allowing the parties enough time to reach a settlement agreement and submit such agreement to the federal agencies (EPA and Department of Justice) for a mandatory 45-day review period pursuant to 33 U.S.C. § 1365(c)(3).

Dated: August 4, 2008                    Respectfully submitted,
                                         LOZEAU DRURY LLP


                                         By:  /s/ *Douglas J. Chermak*_____
                                              DOUGLAS J. CHERMAK
                                              Attorneys for Plaintiffs
                                              CALIFORNIA SPORTFISHING
                                              PROTECTION ALLIANCE and
                                              STRAWBERRY CANYON STEWARDSHIP
                                              GROUP

6